IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY-CLARK PENNSYLVANIA, LLC,** a Delaware Limited Liability Company | : : : : : | CIVIL ACTION  NO. 07-2688 |
| v. | : : | |
| **DELAWARE COUNTY REGIONAL WATER QUALITY CONTROL AUTHORITY**, a Pennsylvania Municipal Authority | : : : : : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                       **December 20, 2007**

In this declaratory judgment action implicating principles of abstention and ripeness, the questions are whether the federal court should abstain from determining the same issue that is pending in a state administrative proceeding, and whether a similar claim that the state agency is still considering is ripe for judicial review. Before answering those questions, I must decide whether a limited liability company's citizenship for diversity jurisdiction purposes is determined by its or its sole member's principal place of business.

Delaware County Regional Water Quality Control Authority ("DELCORA"), which manages and administers the Delaware County wastewater treatment plan, billed Kimberly-Clark Pennsylvania, LLC ("Kimberly Clark") for both wastewater and solid waste discharge[1] that it contends were unreported. It also fined Kimberly Clark for underreporting wastewater. Kimberly Clark responded by taking an administrative appeal and filing this

---

[1] Solid waste discharge contains solid particles suspended in discharged water as opposed to the wastewater only discharge.

action seeking a declaration that it did not underreport its wastewater discharge and does not owe any additional sums for solid waste discharge.

In moving to dismiss the amended complaint, DELCORA argues that, if there is jurisdiction, this action should be dismissed for two reasons.  First, it contends that Kimberly Clark's claim that it does not owe for underreporting of total suspended solids is not ripe for adjudication because no enforcement action has been taken.  Second, it argues that I should refrain from determining the other claim related to the underreporting of wastewater because the pending state proceedings and this action do not raise a single question of federal law.  Thus, DELCORA makes a ripeness and an abstention argument for dismissal.

Having determined that there is subject matter jurisdiction, I shall exercise my discretion under the Declaratory Judgment Act and decline to entertain this action. Kimberly Clark's claim concerning funds owed for underreporting of solids is not ripe for review.  With respect to the dispute concerning underreporting of wastewater, there is no reason to interfere with the pending state administrative proceedings.  Therefore, the action will be dismissed.

## Diversity Jurisdiction

As a threshold matter, DELCORA has moved to dismiss the amended complaint for lack of subject matter jurisdiction, alleging the absence of complete diversity of citizenship. In determining if diversity exists in this case, the dispositive question is whose, the limited liability company or its member's, principal place of business controls the diversity test.

There is no dispute that DELCORA is a Pennsylvania corporation with its principal

place of business in Pennsylvania.  DELCORA contends that Kimberly Clark's principal place of business is in Pennsylvania.  If so, there is no diversity.  On the other hand, Kimberly Clark contends that, as a limited liability company ("LLC"), its citizenship is determined by the citizenship of its sole member, Kimberly Clark Corporation, which is incorporated in Delaware and has its principal place of business in Texas.

Neither the Supreme Court nor the Third Circuit has determined whether a LLC is deemed a corporation or a partnership for diversity jurisdiction purposes.  However, every circuit that has addressed the issue treats an LLC as a partnership rather than a corporation, determining an LLC's citizenship from the citizenship of all of its members. *See Pramco, LLC v. San Juan Bay Marina*, Inc., 435 F.3d 51, 54 (1st Cir. 2006); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004); *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed. App'x. 731, 732 (6th Cir. 2002); *Cosgrove v. Bartolotta*, LLC, 150 F.3d 729, 731 (7th Cir. 1998); *GMAC Comm. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

The rationale for treating an LLC as a partnership is founded in the Supreme Court's decision in *Carden v. Arkoma Assoc.*, which held that the citizenship of a limited partnership for diversity jurisdiction purposes is determined by the citizenship of all its members.  494 U.S. 185, 195-96 (1990). Concluding that fixing the citizenship of artificial entities is a matter of legislative prerogative rather than judicial determination, the Supreme

Court declined to expand the definition of "citizens" to include limited partnerships.  *Id*. at 196.  In other words, nonpersonal entities, other than corporations, are not "citizens" for jurisdictional purposes regardless of what they are called, unless Congress says otherwise. Thus, absent a legislative directive, the citizenship of an artificial entity for purposes of diversity jurisdiction is determined by the citizenship of all its members.  *Id*. at 195.

Although the Third Circuit has not ruled on the citizenship of LLCs in the jurisdictional context, it has recently applied the *Carden* analysis in holding that the citizenship of a trust is determined by the citizenship of all its trustees and beneficiaries. *See Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007).  It stated, "it is clear that *Carden* tells us that a court must take into account not 'less than all of the entity's members' when determining the citizenship of an artificial entity."  *Id*.

The Supreme Court's *Carden* rationale and the Third Circuit's treatment of other nonpersonal entities for diversity jurisdictional purposes dictate that the citizenship of a LLC is determined by the citizenship of all members.  Employing this standard, diversity exists in this case.  Kimberly Clark, whose only member is a citizen of both Delaware and Texas, and DELCORA, a Pennsylvania citizen, are diverse.  Thus, the motion to dismiss for lack of subject matter jurisdiction will be denied.

## Factual and Procedural Background

The dispute arose from DELCORA's playing its role in the Delaware County wastewater management plan.  Hence, an understanding of DELCORA's purpose and authority is essential.

Established in 1971 by the Delaware County Commissioners to implement the county-wide wastewater treatment plan, DELCORA receives and treats wastewater in Delaware County and then discharges it into waters of the Commonwealth of Pennsylvania.  DELCORA is tasked with ensuring "[t]hat the health, safety and welfare of personnel and the general populace and the non-endangerment of the environment is fostered and promoted."  DELCORA Standards, Rules and Regulations of 1991, Art. 100 ("General Provisions") § 103(B)(7).[2]  Most relevant to this action, DELCORA has the responsibility to assure "[t]hat the cost associated with administering, operating and maintaining DELCORA Wastewater Management System is equitably distributed in accordance with the benefit enjoyed in its existence and use."  *Id*. § 103(B)(8).

Pursuant to the Municipality Authorities Act of 1945, DELCORA sets standards, rules and regulations to carry out its responsibilities.  *Id.* §§ 103(A), (B)(1).  As part of its enforcement powers, DELCORA may issue notices of violation, hold administrative hearings, issue decisions, and commence appropriate legal action to enforce its regulations.  *Id*. § 407.  Pursuant to Pennsylvania Local Agency Law, an appeal may be taken from the agency's decision to state court.  *See* 2 Pa.C.S.A. § 702.

DELCORA sent Kimberly Clark an invoice in the amount of $6.01 million for underreporting of excess solids on April 20, 2007.  Kimberly Clark paid $5.1 million.  It contends it does not owe the balance.  DELCORA has not yet determined whether any action will be taken to collect the unpaid balance of the excess solids invoice.

---

[2] The United States Environmental Protection Agency has delegated enforcement of the Clean Water Act to the states.

On May 30, 2007, DELCORA sent Kimberly Clark an invoice for the treatment of unreported wastewater flow, issued 32 Notices of Violation for "[f]ailure to accurately monitor and report effluent flow," and imposed a fine for each violation. On the same day, DELCORA instituted an action against Kimberly Clark and Scott Paper Corporation in the Delaware County Court of Common Pleas by way of summons. No complaint has been filed. Nor have the defendants in that action filed a praecipe for a rule to file a complaint.

Exercising its right to appeal the administrative action concerning the wastewater violations, Kimberly Clark requested a hearing on June 28, 2007, one day after filing this action. On August 15, 2007, a prehearing conference was held before DELCORA. The administrative hearing is scheduled to commence on March 19, 2008.

## Ripeness and the Solid Waste Claim

A district court has statutory discretion whether to hear actions brought under the Declaratory Judgment Act. 28 U.S.C.A. § 2201(a); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1222 (3d Cir. 1989).[3] In exercising this discretion, courts have required final agency action as a prerequisite to a declaratory judgment. *CEC Energy Co. v. Public Serv. Comm'n*, 891 F.2d 1107, 1109 (3d Cir. 1989) (citing *FTC v. Standard Oil Co.*, 449 U.S. 232, 244, n.11 (1980)). Otherwise, courts risk interfering with an administrative agency's process before it has made a decision that impacts the challenging party. *Pacific Gas & Elec. Co. v. State*

---

[3] As an exception to this general rule, a district court should entertain actions for declaratory judgments if the issues are fit for judicial resolution and withholding judicial consideration would result in hardship to the parties. *A.O. Smith Corp. v. FTC*, 530 F.2d 515, 521 (3d Cir. 1976) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)); *Wilmac Corp. v. Bowen*, 811 F.2d 809, 812 (3d Cir. 1987).

*Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200 (1983) (citing *Abbott Labs*, 387 U.S. at 148-49)); *Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands*, 385 F.3d 801, 806 (3d Cir. 2004); *New Hanover Twp. v. U.S. Army Corps of Eng'rs*, 992 F.2d 470, 472 (3d Cir. 1993). Premature judicial intervention denies the agency, using its expertise, the opportunity to correct its own mistakes. *Standard Oil*, 449 U.S. at 242.

Determining finality requires a pragmatic approach. *See CEC Energy*, 891 F.2d at 1110 (citing *Abbot Labs.*, 387 U.S. at 149). Considerations of finality include:

> (1) whether the decision represents the agency's definitive position on the question; (2) whether the decision has the status of law with the expectation of immediate compliance; (3) whether the decision has immediate impact on the day-to-day operations of the party seeking review; (4) whether the decision involves a pure question of law that does not require further factual development; and (5) whether immediate judicial review would speed enforcement of the [statute being applied by the agency].

*Id*. (citing *Solar Turbines Inc.v. Seif*, 879 F.2d 1073, 1080 (3d Cir. 1989)).

None of these factors favor Kimberly Clark. On the contrary, they militate against judicial interference.

A dispute is not ripe when it anticipates future events that may or may not occur. *Wyatt*, 385 F.3d at 806. What action an administrative agency may take is a contingency. In *Wyatt*, the Third Circuit held that the issuance of two cease and desist letters by an agency was not fit for judicial review because no order had been issued and no evidentiary hearing had yet been held. *Id*. at 808. The *Wyatt* Court found that "plaintiffs merely feared potential future administrative or judicial [enforcement] action." *Id*. (citing *Public Serv. Comm'n v. Wycoff*, 344 U.S. 237, 245 (1952)). Therefore, the absence of final

administrative action precludes a finding of finality.

Not unlike the agency in *Wyatt*, DELCORA has not begun any enforcement action against Kimberly Clark for underreporting excess solid waste. It has only billed Kimberly Clark. Indeed, as DELCORA points out, the solids issue remains under review and it has not made a decision whether it will take any action to collect the unpaid balance. DELCORA may ultimately agree that Kimberly Clark does not owe the balance of the invoice. Therefore, because Kimberly Clark's dispute is still under consideration by DELCORA, the invoice for solid waste is not DELCORA's definitive position.

Factual development is necessary to resolve the solid waste dispute. In its Amended Complaint, Kimberly Clark challenges DELCORA's measurement of solids. Whether it is obliged to pay the balance of the invoice depends on how the solid waste was measured and whether it was measured correctly. Because this action seeks a factual determination rather than resolution of a legal question, Kimberly Clark's solid waste dispute is not yet fit for judicial review. *Wilmac Corp.*, 811 F.2d at 810.

Judicial intervention at this time will not speed enforcement of DELCORA's waste treatment plan nor will it have any immediate impact on Kimberly Clark's business. Rather, entertaining this action at this time could disrupt and postpone a final determination favorable to Kimberly Clark, obviating the need for judicial review. *CEC Energy Co.*, 891 F.2d at 1112. This potential delay serves neither party.

Kimberly Clark has not shown that a refusal to hear this case will result in a certain and impending hardship. *See id.* at 1111 (citing *Pacific Gas*, 461 U.S. at 201). Indeed, Kimberly Clark does not allege or suggest that it will have an immediate impact on its

operations.

Based upon these considerations, Kimberly Clark's claim regarding the solid waste dispute is premature and not ripe for judicial review. Therefore, the action with respect to that claim will be dismissed.

## Abstention and the Wastewater Claim

### *Brillhart-Wilton Abstention*

In the interest of judicial economy and to avoid interfering with state court proceedings, a federal court should not entertain a declaratory judgment action where there is a pending state court proceeding between the same parties presenting the same issues, which are not governed by federal law. *Wilton*, 515 U.S. at 287; *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942); *Marshall v. Lauriault*, 372 F.3d 175, 184 (3d Cir. 2004). When there is a parallel state proceeding, the central question is whether the state proceeding can satisfactorily adjudicate the claims of all parties. *United States v. Commonwealth of Pennsylvania, Dept. of Environmental Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991) (citing *Brillhart,* 316 U.S. at 495).[4] Stated differently, the question is whether the parallel state proceeding can resolve the entire case. If not, the state proceeding is not considered a better forum. The inquiry focuses on the scope of the state court proceeding, the defenses available there, and whether the parties' claims can be adjudicated satisfactorily in that proceeding. *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (citing *Brillhart*, 316 U.S. at 495).

---

[4] Kimberly Clark does not contest that the DELCORA administrative hearings constitute state judicial proceedings. It only argues that its claims would be better heard in this court.

Kimberly Clark alleges that its claim "cannot be resolved *as well*, much less better, in the administrative forum" because the DELCORA process does not have "the full panoply of procedures in place that are likely to guarantee an outcome based on the full record."[5]  Mere differences between an administrative agency and a district court's rules of evidence and procedures do not render the administrative proceedings inadequate. *Williams v. Red Bank Bd. of Ed.*, 662 F.2d 1008, 1021 (3d Cir. 1981).  Kimberly Clark's preference for the federal court over the administrative forum is not a sufficient basis for the district court to interject while the administrative process is underway.  Undoubtedly, the entire dispute can be decided in the administrative proceeding because the issue that Kimberly Clark requests the federal court to decide is identical to the one there.

Kimberly Clark also contends that the DELCORA hearing will not be fair and impartial because the same individual presiding as the hearing officer also investigated Kimberly Clark's alleged underrporting.  Kimberly Clark argues that this individual has prejudged the issues, will be a witness, and is likely to rely on evidence outside the record.[6]  Additionally, it contends that DELCORA has an institutional bias given that it will recover almost $20 million if it prevails.

The commingling of the investigative and the adjudicatory functions, though problematic, does not necessarily establish an administrative agency's bias.  *Withrow v.*

---

[5] One of Kimberly Clark's arguments is that the solids issue would remain because there is no parallel state proceeding concerning that claim.  Given that this claim is not sufficiently ripe, this argument is moot.  Therefore, the solids claim is not considered in the abstention context.

[6] To obviate Kimberly Clark's concern, DELCORA offered to have another individual preside. Kimberly Clark rejected the offer and filed a motion to recuse the hearing officer.

*Larkin*, 421 U.S. 35, 52 (1975). However, where the adjudicator has demonstrated a predisposition, the process may be tainted. *Id*. at 54. In this case, other than Kimberly Clark's conjecture, there is no showing of the hearing officer's having prejudged the dispute.

With respect to Kimberly Clark's unfairness argument, it has not alleged any violation of its due process rights in the administrative action. Claiming that DELCORA's administrative hearing does not have safeguards to assure procedural due process, it speculates that it will not get a fair hearing. It has no basis, at this time, for its claim of inherent bias. Administrative hearings are presumed to provide an adequate remedy. *Id* at 55. If Kimberly Clark finds the administrative hearing was unfair or constitutionally infirm, it has recourse to the Pennsylvania courts which are competent to decide the issue.

Abstaining in this action will promote judicial economy by avoiding duplicative litigation. *Summy*, 234 F.3d at 135. With the administrative hearing scheduled for March 19, 2008, there is the potential for two simultaneous proceedings producing different results. If a declaration is not made until after the administrative hearing, it could have the effect of affirming or overturning the agency's decision, a result that would impact state action that has been authorized by Congress.

### *Younger Abstention*

Based on principles of comity and federalism, federal courts should decline to decide a case where there are pending state proceedings involving the same issues implicating important state interests. *Younger v. Harris*, 401 U.S. 37, 44 (1971). There are three prerequisites for *Younger* abstention: (1) an ongoing state proceeding that is judicial

in nature; (2) the state proceeding implicates an important state interest; and (3) the state proceeding provides an adequate opportunity to raise any federal claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003). Notwithstanding the existence of all three prerequisites, abstention is not appropriate if the state proceedings were undertaken in bad faith or for the purpose of harassment. *Middlesex*, 457 U.S. at 435. Nor is it appropriate if a significant and immediate potential for irreparable harm to the federal interests asserted would result if the state proceedings went forward. *Schall v. Joyce*, 885 F.2d. 101, 111 (3d Cir. 1989).

Kimberly Clark has neither alleged nor proffered any evidence suggesting that DELCORA has initiated the enforcement process in bad faith, for harassment, or any improper purpose. Hence, if the three *Younger* prerequisites are satisfied, abstention is appropriate.

First, administrative processes that are adjudicative in nature are considered pending state proceedings for purpose of abstention. *Middlesex,* 457 U.S. at 433-34; *Williams*, 662 F.2d at 1016. The ongoing state proceedings are judicial in nature. There will be an evidentiary hearing where evidence will be presented, witnesses will testify and be cross examined, and counsel will be heard.

Second, an important state interest is at stake in the administrative process. *Middlesex*, 457 U.S. at 434; *Anthony*, 316 F.3d at 421-22. DELCORA, by issuing the violations and imposing the fines, seeks to vindicate its rights and to fulfill its role in administering the waste treatment plan, a matter of significant public concern. Contrary

to Kimberly Clark's characterization, the administrative proceeding is not about an unpaid bill. It is about the implementation and enforcement of the federal Clean Water Act, the Pennsylvania Clean Streams Law, and the Delaware River Basin Compact. Charging fees for the treatment of wastewater and solid waste is part of the entire environmental package. A function of DELCORA's enforcement responsibility is to spread the cost of managing and maintaining the wastewater management plan equitably among those discharging wastewater in proportion to their use of the facility. DELCORA must see that all users pay for what they discharge. If Kimberly Clark is underreporting its waste discharge, other users of the system are paying more than their fair share. Thus, the billing is intertwined with DELCORA's responsibility to ensure that the cost of maintaining and operating the county-wide waste treatment system is "equitably distributed in accordance with the benefit enjoyed in its existence and use." DELCORA General Provisions at § 103(B)(8).

Third, Kimberly Clark does not raise any federal claims. Nor are there any. It characterizes the case as a mere billing dispute. Even if federal claims were raised, there is nothing to overcome the presumption that the DELCORA hearing would adequately and fairly address those claims. *See Middlesex,* 457 U.S. at 436-37.

There is no reason to disregard the presumption that the state procedures will afford Kimberly Clark an adequate remedy. In short, the DELCORA process is designed to achieve a uniform and coherent policy regarding county-wide waste treatment, a matter of significant and substantial public interest.

**Conclusion**

Kimberly Clark's claim concerning solid waste is not ripe for review, and there is no reason to interfere with the ongoing state administrative proceedings involving Kimberly Clark's wastewater claim. Therefore, given the statutory discretion under the Declaratory Judgment Act, this action will be dismissed.